# UNITED STATES DISTRICT COURT
for the
District of Delaware

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 19-90M
The Cellular Telephone Assigned Call Number (443) )
993-1400 and International Mobile Subscriber Identity )
Number 310260087510030 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein

located in the _____ District of _____ Delaware _____, there is now concealed *(identify the person or describe the property to be seized)*:

**REDACTED**

See Attachment B, incorporated herein

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 (a)(1), (b)(1)(B), and (b)(1)(C) | Possession with the intent to distribute and distribution of a controlled substance containing a detectable amount of heroin |

The application is based on these facts:

See attached Affidavit, incorporated herein

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Seamus Toolan, SA DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __04/01/2019__

_____
*Judge's signature*

City and state: __Wilmington, Delaware__   Honorable Mary Pat Thynge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

### INTRODUCTION

Your affiant, Seamus Toolan, being duly sworn, deposes and states as follows:

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – one electronic device – that is currently in law enforcement possession, and the extraction from that property of the electronically stored information described in Attachment B.

2. I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"), United States Department of Justice. I have been employed as a special agent for approximately six years. I am currently assigned to the DEA Philadelphia Division, Wilmington, Delaware Resident Office ("WRO"). I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3. During my law enforcement tenure, I have participated in numerous investigations into the unlawful distribution of narcotics in violation of federal and state laws that have led to arrests, convictions, and seizures of narcotics and proceeds gained from illegal activity. In the course of my duties, I have conducted or participated in physical and electronic surveillance, the execution of search warrants, debriefings of informants, interviews of witnesses, reviews of recorded conversations involving drug trafficking activities, and analyses of telephone toll records and other records kept by or relating to drug traffickers. I have been the affiant in several state and federal authorized intercepts and assisted with numerous federal authorized intercepts of electronic communications using cellular telephone devices. I have

1

received several hundred hours of training in various investigative techniques and, through my training, education and experience, I have become familiar with the identification of illegal drugs, methods in which illegal drugs are imported, manufactured and distributed; the methods of payment for such drugs; and the methods used by drug traffickers to avoid law enforcement detection, including disguising the source and illegal nature of drug proceeds. I have attended schools and seminars that have specialized in all aspects of narcotics investigations. I continue to keep abreast of current trends and practices of drug traffickers by reading periodicals, intelligence briefs, and training literature. Additionally, I maintain daily contact with Special Agents, other law enforcement personnel, confidential sources, cooperating defendants, and sources of information to remain up to date with current trends of drug traffickers.

4. This investigation is being conducted by members of the DEA Wilmington, Delaware Resident Office, and I am the case agent principally responsible for the investigation in aid of which this application is being made. This affidavit is based upon my personal knowledge and observations, as well as information provided to me by other law enforcement officers, as well as individuals who have cooperated with law enforcement as described in detail below. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

5. Your affiant seeks authority to search a cell phone seized in connection with the arrest of the defendant Cornelius Riley ("TARGET") on January 10, 2018. As set forth in more detail below, there is probable cause to believe that TARGET distributed controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possessed with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (the "TARGET OFFENSES"), and further, there is probable cause to believe that the requested searches of the

requested device will yield evidence of these crimes.

6. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. The device to be searched is an LG smart phone with telephone number (443) 993-1400, and International Mobile Subscriber Identity ("IMSI") number 310260087510030, subscribed to Cornelius RILEY at .           Street in Wilmington, Delaware, hereinafter referred to as "TARGET DEVICE 1."

8. The applied-for warrant would authorize the forensic examination of TARGET DEVICE 1 for the purpose of identifying electronically stored data particularly described in Attachment B.

### DETAILS OF THE INVESTIGATION

9. On December 20, 2017, at the direction and control of WRO agents, a confidential source (hereinafter "CS-1") placed a consensually monitored and recorded telephone call to Cornelius RILEY at the number associated with TARGET DEVICE 1. This call went to voice mail. CS-1 did not leave a message.

10. At approximately 12:53 p.m., CS-1 received an incoming call from RILEY on TARGET DEVICE 1. During the call, CS-1 ordered approximately twenty-eight (28) grams of "raw" heroin[1] from RILEY, and CS-1 and RILEY agreed to meet at RILEY's residence located at 1A Baylis, Street in New Castle, Delaware. This call was recorded.

11. Agents then conducted a search of CS-1 and his/her vehicle to ensure that there

---

[1] Based on my training and experience, your affiant understands "raw" heroin to be heroin that has not yet been broken down into amounts for individual use or sale.

3

were no drugs, money, or other contraband present; the search was met with negative results. Agents equipped CS-1 with a hidden electronic monitoring device in order to record the purchase of crack-cocaine from RILEY, and provided CS-1 with prerecorded money to purchase drugs. Agents followed CS-1 to RILEY's residence, where CS-1 arrived in his/her vehicle at approximately 1:51 p.m. CS-1 was under constant surveillance.

12. At approximately 1:52 p.m., agents and officers observed CS-1, exit CS-1's vehicle and knock on the door of          Street. Agents and officers observed RILEY open the door and let CS-1 inside the residence. While inside the residence, CS-1 purchased approximately twenty-eight (28) grams of heroin from RILEY. This transaction was recorded via that monitoring equipment provided to CS-1.

13. Following the transaction, CS-1 exited RILEY's residence and was escorted by law enforcement to a predetermined meet location agents and officers. CS-1 was under constant surveillance. CS-1 relinquished custody of the exhibit to case agents. CS-1 and his/her vehicle were again searched for the presence of drugs, money, or other contraband; this search was met with negative results.

14. During the month of December, 2017, a DEA undercover officer, hereinafter referred to as UC-1, received several text messages from Cornelius RILEY from TARGET DEVICE 1 in reference to UC-1 purchasing one (1) ounce of heroin from RILEY. During these text messages, RILEY and UC-1 agreed to meet during the first week of January, 2018 to complete the drug transaction.

15. On January 3, 2018, UC-1 sent RILEY several text messages to TARGET DEVICE 1 to purchase one (1) ounce of heroin from RILEY for $1,820.00. Via text, the UC-1 and RILEY agreed to meet at the Burlington Coat Factory parking lot located at 59 University

4

Drive in Newark, Delaware to complete the transaction.

16. At approximately 12:26 p.m., UC-1 received an incoming text message from RILEY on TARGET DEVICE 1. The text message read "Whts ya look." Based on his training and experience, UC-1 interpreted this text message as RILEY asking UC-1 when he expected to arrive at Burlington Coat Factory. UC-1 replied to RILEY on TARGET DEVICE 1 "be there in bout 15."

17. At approximately 12:15 p.m., agents and officers observed RILEY arrive at the Burlington Coat Factory. At approximately 12:28 p.m., agents and officers observed RILEY exit his Dodge Charger and enter the Burlington Coat Factory. Based on your affiants training and experience, it is common for drug dealers to conduct counter-surveillance in an attempt to evade law enforcement. At approximately 12:55 p.m., agents and officers observed RILEY exit the Burlington Coat Factory, enter his Dodge Charger, and drive it so as to pull behind the UC-1's vehicle.

18. At approximately 12:56 p.m., agents and officers observed RILEY exit the Dodge Charger and enter the passenger side of the UC-1's vehicle. While inside UC-1's vehicle, RILEY provided UC-1 approximately twenty-eight (28) grams of heroin in exchange for $1,820.00. RILEY also advised UC-1 that he would be able to supply UC-1 up to four and half ounces of heroin in the future. This interaction was audio recorded.

19. On January 10, 2018, RILEY and UC-1 communicated several times via text messaging. During these communications, UC-1 contacted RILEY on TARGET DEVICE 1. UC-1 and RILEY agreed to meet to conduct a sale of 4.5 ounces of "raw" heroin at 1:00 p.m. on the same day. RILEY asked UC-1 to meet at the Wal-Mart located in Bear, Delaware to complete the transaction.

20. At approximately 12:16 p.m., agents and officers observed RILEY arrive in the parking lot of the Walmart located at 117 Wilton Blvd in New Castle, Delaware. RILEY parked his Dodge Charger and entered the Walmart. As RILEY was inside the Walmart, RILEY and UC-1 communicated several times via text messaging. During these communications, RILEY expressed to UC-1 not to be late and to make sure that the money was correct for the purchase of the 4.5 ounces of heroin.

21. Shortly thereafter, members of the DEA Wilmington Resident Office and member of the Delaware State Police Governor's Task Force arrested RILEY in the Wal-Mart parking lot located at 117 Wilton Blvd in New Castle, Delaware for possession with intent to distribute heroin. At the time of his arrest, RILEY was in possession of TARGET DEVICE 1.

## CONCLUSION

22. Based upon the above, your affiant submits that there is probable cause to believe that TARGET DEVICE 1 was being used to facilitate drug trafficking in the District of Delaware in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C), and that evidence of the same may be located on TARGET DEVICE 1.

Seamus Toolan, Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me this __1__ day of ~~March~~ *April*, 2019.

The Honorable Mary Pat Thynge
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is an LG smart phone with telephone number 443-993-1400 and IMSI 310260087510030, subscribed to Cornelius RILEY at 313 W.19th Street in Wilmington, Delaware, hereinafter referred to as "TARGET DEVICE 1" currently in the possession of the Drug Enforcement Administration, Wilmington Resident Office. The subject of this investigation is RILEY.

This warrant authorizes the forensic examination of the TARGET DEVICE 1, for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the TARGET DEVICE 1 described in Attachment A that relate to violations of Title 18, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C) ("TARGET OFFENSES") during the time period of December 1, 2017 through January 10, 2018, regardless of the application used to create, store, or share same, including:

   a. the call number associated with TARGET DEVICE 1;

   b. lists of customers and related identifying information;

   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. all bank records, checks, credit card bills, account information, and other financial records; and

   f. Text message and other electronic communications regarding violations of the TARGET OFFENSES.

2. Evidence of user attribution showing who used, controlled, or owned TARGET DEVICE 1 at the time the things described in this warrant were created, edited, or deleted; such as logs, phonebooks, saved usernames and passwords, documents, communications, audio files, video files, social media accounts and posts, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.